# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DORTHEA BARCLAY, | |
| Plaintiff, | Case No. 18-cv-7260 |
| v. | |
| BIO-MEDICAL APPLICATIONS OF ILLINOIS, INC., d/b/a FRESENIUS MEDICAL CARE GURNEE, | Judge John Robert Blakey |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Dorthea Barclay sues her former employer, Defendant Bio-Medical Applications of Illinois, Inc., alleging that it created, condoned, and perpetuated a sexually hostile work environment in violation of Title VII, 42 U.S.C. § 2000(e) *et seq*. (Count I). [1] ¶¶ 17–21. Plaintiff also brings Illinois state-law claims for: (1) negligent supervision and retention (Count II); and (2) willful and wanton supervision and retention (Count III). *Id*. ¶¶ 22–37. Defendant moves, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss Counts II and III for lack of subject matter jurisdiction. [13]. For the reasons explained below, this Court grants Defendant's motion.

1

I.  **Background**[1]

Defendant—which operates under the name Fresenius Medical Care Gurnee—hired Plaintiff in or around 1996 as a Patient Care Technician. [1] ¶ 9. Plaintiff alleges that during the course of her employment, one of her co-workers—Emmanuel Olaiz—subjected her to unwanted sexual touching, gestures, and remarks on a weekly basis. *Id.* ¶ 10. Plaintiff further alleges that on numerous occasions beginning in 2010, she complained to her direct supervisor—Clinic Manager Virginia Aquino—about Olaiz' conduct. *Id.* ¶ 13. According to Plaintiff, Defendant declined to discipline or suspend Olaiz as a result of her complaints until July 2017, when Defendant terminated him in response to sexual harassment complaints from a number of Plaintiff's co-workers. *Id.* ¶ 16.

II. **Legal Standard**

Like Rule 12(b)(6), Rule 12(b)(1) requires this Court to construe Plaintiff's complaint in the light most favorable to Plaintiff, accept as true all well-pleaded facts, and draw reasonable inferences in her favor. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015); *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999).

Defendant's Rule 12(b)(1) motion is a facial challenge, as opposed to a factual challenge, to subject matter jurisdiction. *See Silha*, 807 F.3d at 173 ("[A] facial challenge argues that the plaintiff has not sufficiently '*alleged* a basis of subject matter jurisdiction.'") (quoting *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d

---

[1] This Court takes these alleged facts from Plaintiff's complaint, [1], exhibits attached to the complaint, and documents that are "central to the complaint and are referred to in it." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

2

440, 443 (7th Cir. 2009)). Unlike factual challenges, facial challenges "require only that the court look to the complaint and see if the plaintiff has sufficiently *alleged* a basis of subject matter jurisdiction." *Apex*, 572 F.3d at 443.

**III. Analysis**

Defendant argues that the Illinois Human Rights Act (IHRA) preempts Plaintiff's state-law claims, and therefore this Court lacks subject matter jurisdiction over Counts II and III. [14] at 1. This Court agrees.

The IHRA vests the Illinois Human Rights Commission with exclusive jurisdiction over allegations of civil rights violations brought under Illinois law. 775 ILCS 5/8-111(D) (stating that except as "otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act."); *see also Naeem v. McKesson Drug Co.*, 444 F.3d 593, 602 (7th Cir. 2006). Further, the IHRA preempts all state claims that are "inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the [IHRA] itself." *Naeem*, 444 F.3d at 602 (citing *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 23 (Ill. 1997)). Under the IHRA, an employer commits a civil rights violation when it learns of an employee's sexual harassment of another employee and fails to take reasonable corrective measures. 775 ILCS 5/2-102(D).

Claims are inextricably linked for purposes of IHRA preemption when a plaintiff cannot "establish the necessary elements of the tort independent of any legal duties created by the" IHRA. *Fuesting v. Uline, Inc.*, 30 F. Supp. 3d 739, 744 (N.D.

3

Ill. 2014) (quoting *Maksimovic*, 687 N.E.2d at 24); *see also Naeem*, 444 F.3d at 602−03. In other words, if the IHRA furnishes the legal duty that a defendant allegedly breached, then the IHRA preempts a state-law claim seeking recovery for it. *Krocka v. City of Chicago*, 203 F.3d 507, 516−17 (7th Cir. 2000). Therefore, "to the extent a plaintiff's [state] claims are based on 'allegations of sexual harassment . . . or any other civil rights violation described in the IHRA,' they are preempted." *Fuesting*, 30. F. Supp. 3d at 745 (quoting *Warnell v. Ford Motor Co.*, No. 98 C 1503, 1998 WL 748328, at *3 (N.D. Ill. Oct. 22, 1998)).

Here, Counts II and III remain entirely based upon Plaintiff's underlying sexual harassment allegations. Both counts allege that Defendant owed Plaintiff a duty to: (1) properly investigate allegations of sexual harassment by its employees; and (2) take prompt remedial action to prevent further harassment. [1] ¶¶ 26, 34. According to Plaintiff, Defendant breached this duty by: (1) failing to suspend, terminate, investigate, or otherwise discipline Olaiz after she complained about his sexual harassment; and (2) failing to warn or otherwise protect Plaintiff from Olaiz' sexual harassment. *Id.* ¶¶ 27, 35. Plaintiff asserts no additional, independent allegations to establish the elements of her negligent supervision and retention claim, nor her willful and wanton supervision and retention claim. *See generally id.* ¶¶ 22−37. As such, Counts II and III are not actionable absent Plaintiff's underlying sexual harassment allegation, rendering the claims inextricably linked. *See Smith v. Chicago Sch. Reform Bd.*, 165 F.3d 1142, 1151 (7th Cir. 1999) (finding an intentional infliction of emotional distress claim preempted because "the core of [the plaintiff's]

4

theory" was that the plaintiff was a victim of racial harassment); *Johnson v. Joliet Junior College*, No. 06 C 5086, 2007 WL 1119215, at *2 (N.D. Ill. Apr. 10, 2007) (finding the facts supporting a negligent supervision and retention claim inextricably linked to those supporting a racial discrimination and retaliation claim "because there is no foundation for the tort without reference to the alleged civil rights violation and the duties which Title VII imposes on [defendant]."); *cf. Naeem*, 444 F.3d at 603 ("When . . . the sexual harassment aspect of the case is 'merely incidental to what are otherwise ordinary common law tort claims,' the claim is not preempted.") (quoting *Maksimovic*, 687 N.E.2d at 23)).

Plaintiff argues that Counts II and III state "claims for negligent and willful and wanton supervision based upon the Defendant's failure to protect her from assault and/or battery." [19] at 3–4. Therefore, Plaintiff contends that she has established the elements of her tort claims independently from her sexual harassment claim. *Id.* Even though courts have found claims for negligent retention and supervision not preempted by the IHRA based upon a Defendant employer's failure to prevent acts of assault and/or battery, Plaintiff fails to plead assault or battery anywhere in her complaint. *See generally* [1]; *Fuesting*, 30 F. Supp. 3d at 745 ("The duty to train and supervise employees so as to avoid battery and assault does not depend on the IHRA."). Instead, Plaintiff alleges only that she "was subjected to sexual harassment that created a hostile work environment in that she was subjected to unwanted sexual touching, gestures and remarks on a weekly basis by" Olaiz. *Id.* ¶ 10. Absent any allegation of assault or battery, or any allegation of the elements of

assault or battery, Plaintiff fails to establish an independent basis for her claims set forth in Counts II and III.

Therefore, this Court finds that the IHRA preempts Plaintiff's state-law claims and dismisses Counts II and III of the complaint for lack of subject matter jurisdiction. At the parties' motion hearing, Plaintiff conceded that she did not require any further amendments to her complaint. Based upon this representation in open court, this Court dismisses Counts II and III with prejudice.

## IV. Conclusion

For the reasons explained above, this Court grants Defendant's motion to dismiss Counts II and III [13] with prejudice. All other dates and deadlines stand.

Dated: March 14, 2019

ENTERED:

*[signature]*
John Robert Blakey
United States District Judge